Filed 3/9/23  P. v. Barragan CA2/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | B308259 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA068035) |
| v. | |
| JOSE BARRAGAN, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Reversed and remanded.

No appearance for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel Change and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

We affirmed the denial of defendant and appellant Jose Barragan's (defendant) petition for resentencing pursuant to Penal Code former section 1170.95 in *People v. Barragan* (Apr. 27, 2022, B308259) (nonpub. opn.).[1] By order dated December 21, 2022, the California Supreme Court returned this case to this court with directions to vacate our previous decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

## BACKGROUND

Defendant was convicted in 1994 of murder and robbery.[2] As to the murder, the jury found true the special circumstance that the murder was committed during the course of a robbery. (§ 190.2, subd. (a)(17)(A).) The jury also found true the allegation pursuant to section 12022, subdivision (a)(l) that a principal was armed with a firearm during the commission of the crime.

Following the 1994 conviction of murder, attempted murder and other felonies, and the felony murder special circumstance, defendant was sentenced to prison for life without the possibility of parole and other consecutive terms. We affirmed the judgment in *People v. Barragan* (Apr. 4, 1996, B086562) (nonpub. opn.).

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

Effective June 30, 2022, Penal Code former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering only.

[2] Defendant was also convicted of two additional robbery counts, attempted murder, shooting a firearm at an inhabited dwelling, and grand theft vehicle.

In 2020, defendant filed a petition for vacatur and resentencing under section 1172.6, that the trial court denied at the prima facie stage without appointing counsel, based upon the jury's finding of the special circumstance. We held the failure to appoint counsel and permit briefing to be error but harmless, and affirmed the denial on the grounds that the jury's special circumstance finding pursuant to section 190.2, subdivision (a)(17) made defendant ineligible as a matter of law for resentencing under section 1172.6. We further held that the jury's special circumstance finding could not be challenged in a section 1172.6 proceeding based upon factors clarified after his conviction in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). We reconsider that decision in light of *Strong, supra*, 13 Cal.5th 698.

## DISCUSSION

In *Strong*, our high court held that a true finding on a felony murder special circumstance allegation that predates *Banks*, *supra*, 61 Cal.4th 788 and *Clark supra*, 63 Cal.4th 522 does not preclude section 1172.6 relief as a matter of law. (*Strong, supra*, 13 Cal.5th at pp. 717-720.) This makes *Banks* and *Clark* comparable to the kind of significant change in law traditionally found to warrant a reexamination of earlier litigated decisions, thereby rendering the rule of collateral estoppel inapplicable. (*Strong*, *supra*, at pp. 719-720.) The court also held that an erroneously denied petition based on that ground is not subject to a substantial evidence review for harmless error, as this would deny the defendant a determination beyond a reasonable doubt that the correct standards were met. It would also entail factfinding, which is prohibited at the prima facie

3

stage.  (*Id*. at p. 720, citing *People v. Lewis* (2021) 11 Cal.5th 952, 972.)

The parties have been given the opportunity to file supplemental briefs addressing these issues and the People have done so, acknowledging that their previous arguments in *People v. Barragan, supra*, B308259, were the same as the arguments presented to and rejected by the high court in *Strong, supra*, 13 Cal.5th 698.  The People concede that the matter should be remanded to the trial court for it to issue an order to show cause and conduct an evidentiary hearing.  The petition must then be granted unless the prosecution proves "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)  Upon reconsideration of the cause in light of *Strong*, we conclude that the superior court erred in denying defendant's petition.  We therefore remand the matter for the issuance of an order to show cause and further proceedings in accordance with section 1172.6, subdivision (d).

4

**DISPOSITION**

The opinion and decision filed in this case on April 27, 2022, is vacated and the denial of the section 1172.6 petition is reversed. The matter is remanded with directions to reappoint counsel, issue an order to show cause and for further proceedings in accordance with section 1172.6, subdivision (d).

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

HOFFSTADT, J.

5